Robert A., Howard F., Robert A., Jr., HUM-
PHRIES Tr/As Robert A. Humphries
& Sons, Appellants,

v.

Anita K. HARROD, Appellee.

No. 2883.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 3, 1962.

Decided March 5, 1962.

Paschal R. LaPadula, Washington, D. C.,
for appellants.

Winfred R. Mundle, Washington, D. C.,
for appellee.

Before HOOD, Chief Judge, QUINN,
Associate Judge, and MYERS, Associate
Judge of The Municipal Court for the Dis-
trict of Columbia, sitting by designation.

MYERS, Associate Judge.

The plaintiffs, realtors, sued the defend-
ant for money due under an alleged agree-
ment for the management of two apartment
houses, more particularly for reimburse-
ment for bills paid by them for repairs. The
trial judge, sitting without a jury, found
for the defendant.

The plaintiffs managed two apartment
houses. The upkeep exceeded the rents col-
lected. They contend that the defendant,
who holds legal title to the properties, had
entered into an oral agreement with them
under which they were authorized to collect
the rents and to pay therefrom all necessary
repairs and upkeep. Plaintiffs offered as
proof of this alleged agreement the testi-
mony of their bookkeeper that there was
such an oral agreement with defendant;
that she had seen defendant on one occasion
and had talked to her over the telephone
several times, but she did not recall the sub-
ject of such conversations; that she had
also dealt with the defendant's aunt, Mrs.
Keel, with respect to repairs to said prop-
erty. She further testified that the plaintiffs
had sent several checks to defendant repre-
senting net monthly proceeds from the rent-
al of the property, but she did not have the
cancelled checks in court. Various account
cards were also introduced, as well as the
first and second trust payment books in
plaintiffs' possession which listed the de-
fendant as owner.

The defendant testified that although
deeds to the properties were in her name,
John L. Kinnison, her brother, had bought
the properties with his own funds in 1951;
that she had no personal knowledge of the
management of the properties; that she re-
ceived no benefits therefrom and had made
no agreements with anyone to manage the
properties or to make repairs thereon. Mrs.
Keel, aunt of defendant and of John L.
Kinnison, corroborated defendant's state-
ments and testified that on at least two oc-
casions one of the plaintiffs had spoken to
her about her nephew in connection with
giving her money to forward to him. Two
exhibits showed that at least two checks had
been made out to John L. Kinnison by the
plaintiffs.

The question before the trial court was a factual one—whether the defendant had entered into a contract with appellants authorizing them to manage the properties on her behalf. The trial judge resolved this issue against them. Unless his judgment is without evidence to support it or is plainly wrong, we may not reverse.[1] We are satisfied that there is evidence to support the judgment of the trial court.

Affirmed.